02-12-164-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00164-CR

 

 


 
 
 James
 Wendell Warren
  
  
  
  
  
 v.
  
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  
 §
 
 
 From Criminal District
 Court No. 3
  
 of
 Tarrant County (1241116D)
  
 November
 8, 2012
  
 Opinion
 by Justice Walker
  
 Concurrence
 and Dissent by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker
















 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00164-CR

 

 


 
 
 James Wendell Warren
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. Introduction

Appellant
James Wendell Warren appeals the thirty-five-year sentence he received from the
trial court after a jury convicted him of burglary of a habitation. In two
issues, Warren argues that his sentence was excessive and disproportionate to
the crime he committed and that the evidence was insufficient to support his
enhanced sentence.  We will affirm.

II.  Procedural Background[2]

            After
the jury found Warren guilty of burglary of a habitation, the judge ordered a
pre-sentence investigation.  At the sentencing hearing, the following exchange
took place:

THE COURT:  On the
habitual offender notice in this case, have you had a chance to speak with your
lawyer about the prior offenses—

 

[WARREN]:  Yes.

 

THE COURT:  —they’re
saying you’re convicted of?  Are those allegations true or not true?

 

[WARREN]:  True.

 

THE COURT:  Anybody
forcing you to plead true on those allegations?

 

[WARREN]:  No.

 

THE COURT:  And that’s
a free and voluntary plea?

 

[WARREN]:  Yes, sir.

 

THE COURT:  Okay. 
All right.  Does the State have anything else for sentencing?

 

[THE STATE]:  Yes.
State would ask that you take judicial notice of the PSI so that it become[s]
part of the court’s file.  And the State would offer State’s Exhibits 33, 34,
and 35, which are certified pen packets for all of the felony priors in this
case.

 

[DEFENSE ATTORNEY]:  We
don’t have an objection to that.  

 

THE COURT: All
right.  That’s granted. 

 

After
hearing the evidence and the arguments of counsel, the trial court sentenced
Warren to thirty-five years’ confinement.  Warren now appeals.

III.
Waiver of Excessive and Disproportionate
Sentence Complaint

In
his first issue, Warren argues that his thirty-five-year sentence was excessive
and disproportionate to the offense for which he was convicted.   

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State, 319
S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must have
ruled on the request, objection, or motion, either expressly or implicitly, or
the complaining party must have objected to the trial court’s refusal to rule. 
Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  A reviewing court should not address the merits of an issue
that has not been preserved for appeal.  Wilson v. State, 311 S.W.3d
452, 473 (Tex. Crim. App. 2010) (op. on reh’g). 

Warren
did not raise the issue of the alleged excessiveness or disproportionality of
his sentence at trial or in a motion for new trial. He nonetheless argues that
we should address his complaint on appeal because the disproportionality and
excessiveness of the sentence violates the Eighth Amendment to the United
States Constitution; therefore, he contends it is an illegal sentence and is
void.  We have held on numerous occasions, however, that this type of claim
must be preserved at the trial court level.  See Acosta v. State, 160
S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); Cisneros v. State,
No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007,
pet. ref’d) (mem. op., not designated for publication) (collecting cases).  Because
Warren did not raise his complaint in the trial court, the complaint is
forfeited.[3]  We overrule Warren’s
first issue.

IV. Sufficient Evidence to Support Enhancement

In
his second issue, Warren argues that the trial court improperly admitted into
evidence the three pen packets offered by the State to prove his prior
convictions and that, consequently, insufficient evidence exists to support the
enhancement of his sentence. 

To
establish a prior conviction for sentence enhancement purposes, the State must
prove beyond a reasonable doubt that the prior conviction exists and that the
defendant is linked to that conviction.  Flowers v. State, 220 S.W.3d
919, 921 (Tex. Crim. App. 2007).  The State may prove these elements by, for
example, introducing multiple documents that, when read together, contain
“sufficient information to establish both the existence of a prior conviction
and the defendant’s identity as the person convicted.”  Id. at 921–22.  Generally,
a plea of true to an enhancement paragraph relieves the State of its burden to
prove a prior conviction alleged for enhancement and forfeits the defendant’s
right to appeal the insufficiency of the evidence to prove the prior conviction
unless the record affirmatively reflects that the enhancement is itself
improper.  Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006); see
Wilson v. State, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984); Harvey v.
State, 611 S.W.2d 108, 111 (Tex. Crim. App.) (op. on reh’g), cert.
denied, 454 U.S. 840 (1981); Lugo v. State, 299 S.W.3d 445, 455
(Tex. App.—Fort Worth 2009, pet. ref’d). 

Here,
the record affirmatively reflects that Warren pleaded “true” to the enhancement
paragraph, and he does not complain, nor does the record reflect, that the
enhancement itself was improper.  See Ex parte Rich, 194 S.W.3d
at 513; see also Wilson, 671 S.W.2d at 525; Harvey, 611 S.W.2d at
111; Lugo, 299 S.W.3d at 455.  Moreover, even if Warren had not
forfeited his right to appeal the sufficiency of the enhancement evidence,
Warren contends that the pen packets were not properly in evidence because the
trial court used the word “granted” instead of “admitted” when the State
offered them in evidence, but the trial court treated the pen packets as
admitted evidence and Warren did not object.  As Warren concedes on appeal, we
may therefore consider this evidence in support of the enhancement
allegations.  See Pitts v. State, 916 S.W.2d 507, 509 (Tex. Crim.
App. 1996) (considering written stipulations not admitted in evidence because
trial court treated them as admitted and appellant did not object); Killion
v. State, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973) (same).  For these
reasons, we overrule Warren’s second issue.

V. Conclusion

          Having overruled Warren’s two issues, we
affirm the trial court’s judgment. 

 

 

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DAUPHINOT,
J. filed a concurring and dissenting opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 8, 2012








 

 


 
 
 
 
 
 


 

 




 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00164-CR

 

 


 
 
 James Wendell Warren
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

CONCURRING
AND DISSENTING MEMORANDUM OPINION[4]

----------

For
the reasons stated in my concurrence to the majority opinion in Laboriel–Guity
v. State[5]
and in my concurring and dissenting opinions to the majority opinions in Means
v. State[6]
and Kim v. State,[7]
I dissent from the majority’s holding that Appellant forfeited his Eighth
Amendment complaint by failing to raise it in the trial court.  I join the
alternate holding that the sentence imposed did not violate the Eighth
Amendment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 8,
2012  

 









[1]See Tex. R. App. P. 47.4.





[2]Because Warren raises
issues related only to the punishment phase of his trial, we omit a detailed
factual background concerning the burglary.





[3]Even if we were to reach
the merits of Warren’s complaint, his sentence is well within the relevant
statutory range.  See Tex. Penal Code Ann. § 12.42(d) (providing for
punishment of twenty-five to ninety-nine years’ or life imprisonment for repeat
and habitual felony offenders) (West Supp. 2012).  Generally, punishment
imposed within the statutory range is not subject to a challenge for
excessiveness.   Means v. State, 347 S.W.3d 873, 875 (Tex. App.—Fort
Worth 2011, no pet.); Kim v. State, 283 S.W.3d 473, 475 (Tex. App.—Fort
Worth 2009, pet. ref’d).





[4]See Tex. R. App. P. 47.4.





[5]336 S.W.3d 754, 757–59
(Tex. App.—Fort Worth 2011, pet. ref’d) (Dauphinot, J., concurring). 





[6]347 S.W.3d 873, 875–76
(Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and dissenting).





[7]283 S.W.3d 473, 476–79
(Tex. App.—Fort Worth 2009, pet. ref’d) (Dauphinot, J., concurring and
dissenting).