

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00164-CR

| | | |
|---|---|---|
| James Wendell Warren | § | From Criminal District Court No. 3 |
| | § | of Tarrant County (1241116D) |
| | § | November 8, 2012 |
| v. | § | Opinion by Justice Walker |
| | § | Concurrence and Dissent by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00164-CR

JAMES WENDELL WARREN                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant James Wendell Warren appeals the thirty-five-year sentence he received from the trial court after a jury convicted him of burglary of a habitation. In two issues, Warren argues that his sentence was excessive and disproportionate to the crime he committed and that the evidence was insufficient to support his enhanced sentence. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND[2]

After the jury found Warren guilty of burglary of a habitation, the judge ordered a pre-sentence investigation. At the sentencing hearing, the following exchange took place:

> THE COURT: On the habitual offender notice in this case, have you had a chance to speak with your lawyer about the prior offenses—
>
> [WARREN]: Yes.
>
> THE COURT: —they're saying you're convicted of? Are those allegations true or not true?
>
> [WARREN]: True.
>
> THE COURT: Anybody forcing you to plead true on those allegations?
>
> [WARREN]: No.
>
> THE COURT: And that's a free and voluntary plea?
>
> [WARREN]: Yes, sir.
>
> THE COURT: Okay. All right. Does the State have anything else for sentencing?
>
> [THE STATE]: Yes. State would ask that you take judicial notice of the PSI so that it become[s] part of the court's file. And the State would offer State's Exhibits 33, 34, and 35, which are certified pen packets for all of the felony priors in this case.
>
> [DEFENSE ATTORNEY]: We don't have an objection to that.
>
> THE COURT: All right. That's granted.

---

[2]Because Warren raises issues related only to the punishment phase of his trial, we omit a detailed factual background concerning the burglary.

After hearing the evidence and the arguments of counsel, the trial court sentenced Warren to thirty-five years' confinement. Warren now appeals.

### III. WAIVER OF EXCESSIVE AND DISPROPORTIONATE SENTENCE COMPLAINT

In his first issue, Warren argues that his thirty-five-year sentence was excessive and disproportionate to the offense for which he was convicted.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

Warren did not raise the issue of the alleged excessiveness or disproportionality of his sentence at trial or in a motion for new trial. He nonetheless argues that we should address his complaint on appeal because the disproportionality and excessiveness of the sentence violates the Eighth Amendment to the United States Constitution; therefore, he contends it is an illegal sentence and is void. We have held on numerous occasions, however,

that this type of claim must be preserved at the trial court level. *See Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases). Because Warren did not raise his complaint in the trial court, the complaint is forfeited.[3] We overrule Warren's first issue.

## IV. SUFFICIENT EVIDENCE TO SUPPORT ENHANCEMENT

In his second issue, Warren argues that the trial court improperly admitted into evidence the three pen packets offered by the State to prove his prior convictions and that, consequently, insufficient evidence exists to support the enhancement of his sentence.

To establish a prior conviction for sentence enhancement purposes, the State must prove beyond a reasonable doubt that the prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove these elements by, for example, introducing multiple documents that, when read together, contain "sufficient information to establish both the existence of a prior conviction and the

---

[3]Even if we were to reach the merits of Warren's complaint, his sentence is well within the relevant statutory range. *See* Tex. Penal Code Ann. § 12.42(d) (providing for punishment of twenty-five to ninety-nine years' or life imprisonment for repeat and habitual felony offenders) (West Supp. 2012). Generally, punishment imposed within the statutory range is not subject to a challenge for excessiveness. *Means v. State*, 347 S.W.3d 873, 875 (Tex. App.—Fort Worth 2011, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

4

defendant's identity as the person convicted." *Id.* at 921–22. Generally, a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of the evidence to prove the prior conviction unless the record affirmatively reflects that the enhancement is itself improper. *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006); *see Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App.) (op. on reh'g), *cert. denied*, 454 U.S. 840 (1981); *Lugo v. State*, 299 S.W.3d 445, 455 (Tex. App.—Fort Worth 2009, pet. ref'd).

Here, the record affirmatively reflects that Warren pleaded "true" to the enhancement paragraph, and he does not complain, nor does the record reflect, that the enhancement itself was improper. *See Ex parte Rich*, 194 S.W.3d at 513; *see also Wilson*, 671 S.W.2d at 525; *Harvey*, 611 S.W.2d at 111; *Lugo*, 299 S.W.3d at 455. Moreover, even if Warren had not forfeited his right to appeal the sufficiency of the enhancement evidence, Warren contends that the pen packets were not properly in evidence because the trial court used the word "granted" instead of "admitted" when the State offered them in evidence, but the trial court treated the pen packets as admitted evidence and Warren did not object. As Warren concedes on appeal, we may therefore consider this evidence in support of the enhancement allegations. *See Pitts v. State*, 916 S.W.2d 507, 509 (Tex. Crim. App. 1996) (considering written stipulations not admitted in evidence because trial court treated them as admitted and appellant did not object); *Killion*

5

*v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973) (same). For these reasons, we overrule Warren's second issue.

## V. CONCLUSION

Having overruled Warren's two issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. filed a concurring and dissenting opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 8, 2012



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00164-CR

JAMES WENDELL WARREN                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## CONCURRING AND DISSENTING MEMORANDUM OPINION[1]

----------

For the reasons stated in my concurrence to the majority opinion in *Laboriel–Guity v. State*[2] and in my concurring and dissenting opinions to the majority opinions in *Means v. State*[3] and *Kim v. State*,[4] I dissent from the

---

[1]*See* Tex. R. App. P. 47.4.

[2]336 S.W.3d 754, 757–59 (Tex. App.—Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring).

[3]347 S.W.3d 873, 875–76 (Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and dissenting).

majority's holding that Appellant forfeited his Eighth Amendment complaint by failing to raise it in the trial court. I join the alternate holding that the sentence imposed did not violate the Eighth Amendment.

LEE ANN DAUPHINOT
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 8, 2012

---

[4]283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).