

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00084-CR

| | | |
|---|---|---|
| Ross Thomas Brantley, III | § | From the 372nd District Court |
| | § | of Tarrant County (1091400D) |
| v. | § | February 21, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00084-CR

ROSS THOMAS BRANTLEY, III                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Ross Thomas Brantley III pleaded guilty to assault causing bodily injury to a family or household member with a prior family violence conviction in exchange for five years' deferred adjudication community supervision. He now appeals the revocation of his deferred adjudication community supervision in two issues, complaining that the State failed to prove

----

[1]*See* Tex. R. App. P. 47.4.

2

by a preponderance of the evidence that he violated the conditions of his community supervision and that his ten-year sentence was cruel and unusual punishment. We affirm.

## II. Discussion

In its petition to proceed to adjudication, the State alleged that Brantley violated several conditions of his community supervision, including that he assaulted a member of his family and household in violation of penal code section 22.01(b-1); that he violated a protective order; and that he "failed to report by mail to [the] Tarrant County Community Supervision and Corrections Department" five times in 2009, eight times in 2010, and one time in 2011. The trial court found these allegations to be true and sentenced him to ten years' confinement.

## A. Adjudication

The decision to proceed to an adjudication of guilt and to revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012). We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The

trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

The record shows that the conditions of Brantley's community supervision required him to continue reporting to Tarrant County "in the manner prescribed by the supervision officer" if his supervision was transferred to another jurisdiction. Brantley signed a document acknowledging receipt of these conditions. Probation Officer Britannia Broostrom testified that Brantley stated during his initial meeting with the probation department that he understood the conditions of his supervision, including the requirement that he report to Tarrant County monthly by mail after his supervision was transferred to Dallas County, the county in which he resided, and he began reporting in person to his Dallas County probation officer.

4

Broostrom testified further that after supervision was transferred to Dallas County, Brantley failed to report to Tarrant County by mail in June, July, August, November, and December of 2009; in January, February, March, April, May, June, July, and October of 2010; and in January of 2011. Indeed, Brantley, himself, testified that he failed to mail his reports to Tarrant County because he was reporting in person in Dallas County. Nonetheless, the conditions of his supervision required him to continue reporting to Tarrant County by mail after he started reporting in person in Dallas County.

Viewing the evidence in the light most favorable to the trial court's ruling, we hold that the trial court did not abuse its discretion by finding that the State proved by a preponderance of evidence that Brantley violated the conditions of his supervision by failing to report to Tarrant County monthly by mail. *See Rickels*, 202 S.W.3d at 763. We overrule this portion of Brantley's first issue and we need not address the rest of his first issue because the evidence need only support one of the trial court's findings to support revocation. *See Moore*, 605 S.W.2d at 926.

## B. Punishment

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort

5

Worth 2012, no pet.). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Clay*, 361 S.W.3d at 765.

Generally, an appellant may not complain about his sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) ("Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to preserve his sentencing complaints for appellate review."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.— Fort Worth 2011, pet. ref'd).

Brantley did not object to the sentence ordered by the trial court when it was imposed or in a motion for a new trial. Thus, he failed to preserve the error for our review, and we overrule his second issue. *See Means*, 347 S.W.3d at 874.

## III.  Conclusion

Having overruled both of Brantley's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 21, 2013