02-12-084-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00084-CR

 

 









 
 
 Ross
 Thomas Brantley, III
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1091400D)
  
 February
 21, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

PER
CURIAM








 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00084-CR

 

 


 
 
 ROSS THOMAS BRANTLEY, III
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 372ND
District Court OF TARRANT COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

          Appellant
Ross Thomas Brantley III pleaded guilty to assault causing bodily injury to a
family or household member with a prior family violence conviction in exchange
for five years’ deferred adjudication community supervision.  He now appeals
the revocation of his deferred adjudication community supervision in two
issues, complaining that the State failed to prove by a preponderance of the
evidence that he violated the conditions of his community supervision and that
his ten-year sentence was cruel and unusual punishment.  We affirm.

II. 
Discussion

          In
its petition to proceed to adjudication, the State alleged that Brantley
violated several conditions of his community supervision, including that he
assaulted a member of his family and household in violation of penal code
section 22.01(b-1); that he violated a protective order; and that he “failed to
report by mail to [the] Tarrant County Community Supervision and Corrections
Department” five times in 2009, eight times in 2010, and one time in 2011.  The
trial court found these allegations to be true and sentenced him to ten years’
confinement.

A. 
Adjudication

          The
decision to proceed to an adjudication of guilt and to revoke deferred
adjudication community supervision is reviewable in the same manner as a
revocation of ordinary community supervision.  Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (West Supp. 2012).  We review an order revoking community
supervision for an abuse of discretion.  Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision.  Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court’s ruling.  Cardona,
665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. [Panel Op.] 1981).  If the State fails to meet its burden of proof, the
trial court abuses its discretion by revoking the community supervision.  Cardona,
665 S.W.2d at 493–94.

          Proof
by a preponderance of the evidence of any one of the alleged violations
of the conditions of community supervision is sufficient to support a
revocation order.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
[Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim.
App. [Panel Op.] 1980); Leach v. State, 170 S.W.3d 669, 672 (Tex. App.—Fort
Worth 2005, pet. ref’d).

          The
record shows that the conditions of Brantley’s community supervision required
him to continue reporting to Tarrant County “in the manner prescribed by the
supervision officer” if his supervision was transferred to another
jurisdiction.  Brantley signed a document acknowledging receipt of these conditions. 
Probation Officer Britannia Broostrom testified that Brantley stated during his
initial meeting with the probation department that he understood the conditions
of his supervision, including the requirement that he report to Tarrant County monthly
by mail after his supervision was transferred to Dallas County, the county in
which he resided, and he began reporting in person to his Dallas County
probation officer.

          Broostrom
testified further that after supervision was transferred to Dallas County,
Brantley failed to report to Tarrant County by mail in June, July, August,
November, and December of 2009; in January, February, March, April, May, June,
July, and October of 2010; and in January of 2011.  Indeed, Brantley, himself,
testified that he failed to mail his reports to Tarrant County because he was
reporting in person in Dallas County.  Nonetheless, the conditions of his
supervision required him to continue reporting to Tarrant County by mail after
he started reporting in person in Dallas County.

          Viewing
the evidence in the light most favorable to the trial court’s ruling, we hold
that the trial court did not abuse its discretion by finding that the State
proved by a preponderance of evidence that Brantley violated the conditions of
his supervision by failing to report to Tarrant County monthly by mail.  See
Rickels, 202 S.W.3d at 763.  We overrule this portion of Brantley’s first
issue and we need not address the rest of his first issue because the evidence
need only support one of the trial court’s findings to support revocation.  See
Moore, 605 S.W.2d at 926.

B. 
Punishment

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Clark v. State,
365 S.W.3d 333, 339 (Tex. Crim. App. 2012); Clay v. State, 361 S.W.3d
762, 765 (Tex. App.—Fort Worth 2012, no pet.).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Pena v. State, 353 S.W.3d
797, 807 (Tex. Crim. App. 2011).  A reviewing court should not address the
merits of an issue that has not been preserved for appeal.  Wilson v. State,
311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g); Clay, 361
S.W.3d at 765.

          Generally,
an appellant may not complain about his sentence for the first time on appeal. 
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Mercado
v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); Means v. State,
347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) (“Because Appellant
did not object to his sentences when they were imposed or present his motions
for new trial to the trial court, he failed to preserve his sentencing
complaints for appellate review.”); Laboriel-Guity v. State, 336
S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d).

          Brantley
did not object to the sentence ordered by the trial court when it was imposed
or in a motion for a new trial.  Thus, he failed to preserve the error for our
review, and we overrule his second issue.  See Means, 347 S.W.3d at 874.




III. 
Conclusion

          Having
overruled both of Brantley’s issues, we affirm the trial court’s judgment.

 

PER CURIAM

 

 

PANEL: 
MCCOY, DAUPHINOT, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: February 21, 2013

 

 

                                                                                                  









[1]See Tex. R. App. P. 47.4.