

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00113-CR

AMANDA TRUJILLO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## Introduction

Appellant Amanda Trujillo pled guilty to solicitation to commit capital murder, received deferred-adjudication community supervision, violated its terms and was revoked, adjudicated guilty, and sentenced to 40 years' confinement. In her sole complaint on appeal, she contends that 40 years is grossly disproportionate to the offense she committed and, therefore, cruel and unusual

---

[1]*See* Tex. R. App. P. 47.4.

in violation of the Eighth Amendment of the United States Constitution and article 1, section 13 of the Texas constitution. We affirm.

## Background Facts and Procedural History

On October 19, 2004, Appellant pled guilty to solicitation to commit capital murder and received ten years' deferred-adjudication community supervision (probation). On February 27, 2012, she pled true to having violated the conditions of her probation and the trial court adjudicated her guilty of solicitation to commit capital murder and sentenced her to 40 years' confinement. Appellant did not object to the sentence when it was pronounced. She filed, but did not present to the trial court, a motion for a new trial on March 14, 2012, nor did she request a hearing. The trial court did not rule on the motion.

## Discussion

In general, to preserve a complaint for appellate review the record must show that the complaint was made to the trial court by a timely request, objection, or motion that states the specific grounds for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet ref'd) (citing *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009)). This case is no exception. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *accord Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).

"It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial

2

court an opportunity to correct the error, if any." *Kim*, 283 S.W.3d at 475. In *Kim*, this court held that the appellant failed to preserve his complaint about the alleged disproportionality of his seven-year sentence for burglary because he did not raise it at the time the sentence was imposed, or in a motion for a new trial. *Id.* Likewise, here, Appellant did not object to the sentence on the ground that it was disproportionate to the offense, or on any other ground, at the time it was imposed, nor did she make such a complaint in her motion for a new trial. *See Delacruz v. State*, 167 S.W.3d 904, 905–06 (Tex. App.—Texarkana 2005, no pet.). Accordingly, Appellant has forfeited her claim for review. *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Kim*, 283 S.W.3d at 475–76.

Moreover, even had Appellant preserved her complaint, her sentence is within the legislatively prescribed limits and not otherwise grossly disproportional to the gravity of the offense. As a general matter, the fixing of prison terms for specific crimes is "properly within the province of legislatures, not courts." *Harmelin v. Michigan*, 501 U.S. 957, 998, 111 S. Ct. 2680, 2703 (1991) (quoting *Rummel v. Estelle*, 445 U.S. 263, 275–76, 100 S. Ct. 1133, 1140 (1980)). "Determinations about the nature and purposes of punishment for criminal acts implicate difficult and enduring questions respecting the sanctity of the individual, the nature of law, and the relation between law and the social order*." Id.* Accordingly, a sentence that falls within the legislatively determined range of punishment is generally not grossly disproportionate. *See Means*, 347 S.W.3d at

3

875; *Kim*, 283 S.W.3d at 475–76 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.")).

Even were we to reach the merits of Appellant's complaint, we are not persuaded that her sentence is grossly disproportionate to the gravity of the offense of solicitation to commit capital murder. In determining whether sentences are grossly disproportionate, this court, in accord with the majority of Texas courts, has previously adopted a three-step proportionality analysis. *See Moore v. State*, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref'd). First, we make a threshold comparison of the gravity of the offense against the severity of the sentence. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992). We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender. *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011 (1983). Only if we infer that the gravity of the offense is grossly disproportionate to the sentence imposed will we then consider the remaining factors by comparing the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *see Harmelin*, 501 U.S. at 1004–05, 111 S. Ct. at

4

2707 (Kennedy, J., plurality op.) (discussing gross disproportionality).

In this case, Appellant pled guilty to solicitation to commit capital murder—a first degree felony offense. In Texas, first degree felonies are punishable by imprisonment for life or for any term of not more than 99 years or less than five. Tex. Penal Code Ann. §§ 12.32, 15.03 (West 2011); § 19.03 (West Supp. 2012). Thus, the 40-year sentence was well within the range of punishment set by the legislature. Additionally, the harm threatened to a victim and society by solicitation of capital murder is great. Finally, Appellant has failed to present any evidence that may have mitigated her perceived culpability concerning this offense and for which a counterpoint to the sentence could be given consideration. We conclude that even if Appellant had preserved her claim for review, the severity of her sentence is not grossly disproportionate to the gravity of her offense. *See McGruder*, 954 F.2d at 316; *Moore*, 54 S.W.3d at 541–42.

**Conclusion**

Having held that Appellant failed to preserve her complaint at the trial level, and that even were we to reach the merits, the complaint would fail, we overrule her sole point on appeal and affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 20, 2013