

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00198-CR
### NO. 02-10-00199-CR

REUBEN E. MEANS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

### I. Introduction and Background

Appellant Reuben E. Means was indicted for possession of more than one but less than four grams of cocaine and evading arrest.  *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(a) (West 2010); Tex. Penal Code Ann. § 38.04(a) (West 2011).  The indictment for possession of cocaine contained a repeat offender notice.  Appellant entered open pleas of guilty to both offenses, and he pleaded true to the repeat offender notice.  The trial court accepted Appellant's guilty pleas and ordered that a presentencing report (PSI) be

prepared. The trial court subsequently conducted a sentencing hearing, found Appellant guilty of each offense, found the repeat offender allegation to be true, and sentenced Appellant to eight years' confinement on the possession conviction and two years' confinement on the evading arrest conviction. In two issues on appeal, Appellant contends that the trial court abused its discretion because his sentences are excessive and he should have been given probation. We affirm.

## II. Discussion

Appellant contends that his sentences constitute an abuse of the trial court's discretion because they are excessive and because the evidence presented at the sentencing hearing showed that he could do well on probation. Appellant acknowledges, however, that he failed to object to either sentence when they were imposed and that although he complained about the length of his sentences in his motions for new trial, he did not present either motion to the trial court. *See* Tex. R. App. P. 21.6 (requiring defendant to present his motion for new trial to trial court within ten days of filing); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding failure to object to sentence at time of imposition or complain of sentence in motion for new trial does not preserve complaint for appellate review); *Washington v. State*, 271 S.W.3d 755, 756 (Tex. App.—Fort Worth 2008, pet. ref'd) (holding disproportionate sentence complaint not preserved because appellant did not present his motion for new trial to trial court). Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to

2

preserve his sentencing complaints for appellate review. *See* Tex. R. App. P. 21.6, 33.1(a); *Kim*, 283 S.W.3d at 475; *Washington*, 271 S.W.3d at 756.

Moreover, even if we were to reach the merits of Appellant's complaint, his sentences are well within the relevant statutory ranges of two to twenty years in the state penitentiary for possession of cocaine and between 180 days and two years' confinement in a state jail facility for evading arrest.[1] *See* Tex. Penal Code Ann. §§ 12.33(a), .35(a) (West 2011). And punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Kim*, 283 S.W.3d at 475–76 (stating punishment assessed was not excessive when based on sentencer's informed normative judgment and fell within the legislatively prescribed range); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.— Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Although there is testimony from the sentencing hearing by Appellant and his family that Appellant was paralyzed in June 2009 and is confined to a wheelchair; that Appellant has been diagnosed with post-traumatic stress disorder; that he is a good person when taking his bipolar medication; and that he is making an effort to take his

---

[1]Possession of more than one but less than four grams of a controlled substance in penalty group one is a third-degree felony punishable by confinement from two to ten years. *See* Tex. Health & Safety Code Ann. § 481.115(c); Tex. Penal Code Ann. § 12.34 (West 2011). But because of Appellant's prior felony conviction, the applicable sentencing range for Appellant's possession conviction was that of a second-degree felony, which is two to twenty years' confinement. *See* Tex. Penal Code Ann. §§ 12.33(a), .42(a)(3) (West 2011).

3

medication, reform himself, and be a law-abiding citizen, the trial court stated when sentencing Appellant,

> [T]he Court heard your testimony, but I can't overlook the fact that you've had plenty of experience with the criminal justice system. And six – I believe it's six. Yeah, six previous cases involving possession or possession with intent to deliver a controlled substance, that tells me you are a dope dealer. That tells me you made your mind up that you want to be a dope dealer as opposed to doing what your wife is doing, going to work every day. You chose the easy way out. So that's the road that you chose to travel on. You give the Court very little alternative but to sentence you to confinement. But I certainly hope that once you complete this confinement, you will continue with your stated goal of being a productive citizen.

Appellant could have been sentenced to as many as twenty years' confinement for his possession conviction but instead received an eight-year sentence. And although Appellant received the maximum sentence for evading arrest, the sentence runs concurrently with his eight-year sentence. We overrule both of Appellant's issues. *See Kim*, 283 S.W.3d at 475–76.

### III. Conclusion

Having overruled each of Appellant's two issues, we affirm the trial court's judgments.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. filed a dissenting and concurring opinion.

PUBLISH

DELIVERED: August 4, 2011



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NOS. 02-10-00198-CR
### 02-10-00199-CR

REUBEN E. MEANS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## DISSENTING AND CONCURRING OPINION

----------

For the reasons stated in my concurrence to the majority opinion in *Laboriel-Guity v. State*[1] and in my concurring and dissenting opinion to the majority opinion in *Kim v. State*,[2] I dissent from the majority's holding that

---

[1]336 S.W.3d 754, 757–59 (Tex. App.—Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring).

[2]283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).

Appellant failed to preserve his Eighth Amendment complaint.  I join the alternate holding that the sentences imposed did not violate the Eighth Amendment.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  August 4, 2011