02-11-347-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-11-00347-CR

 

 


 
 
 GEREMIE GERMAINE JONES
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

 

------------

MEMORANDUM OPINION[1]

------------

I.  Introduction

In one issue, Appellant Geremie Germaine
Jones appeals his sentence for aggravated robbery with a deadly weapon,
claiming that forty-five years’ confinement is an excessive and
disproportionate punishment.  We affirm.

II.  Factual and Procedural
Background

In October 2010, at around 3:00 a.m.,
Jones went to a Waffle House, pulled out a gun, pointed it at a waitress, Wanda
McDaniel, and demanded that she give him all of the money in the cash register.
 McDaniel gave Jones the money, and he left the restaurant.  James Smith, one
of the cooks, dialed 911 and then followed Jones and confronted him.  Jones pointed
his gun at Smith and said, “I’ll shoot you.  Don’t you follow me.  I’ll shoot
you.”  Shortly thereafter, the police apprehended Jones.

After Jones pleaded guilty to
aggravated robbery with a deadly weapon, McDaniel testified during the
punishment phase that she feared for her life during the robbery, and the trial
court admitted State’s Exhibit 24, the Waffle House surveillance video of the
incident, and allowed the State to publish it to the jury.  The State also
introduced evidence to show that Jones had a gang affiliation; had been classified
in the county jail as a high-risk offender; had been involved in a physical altercation
with a deputy while in jail, which had been videotaped and which was published
to the jury; had threatened three deputies; and had been arrested for public
intoxication, possession of crack cocaine, theft, and possession of a knife.  Jones
stipulated to his prior convictions for possession of a prohibited weapon,
possession of a controlled substance of less than one gram, criminal trespass,
assault causing bodily injury, and theft.

During Jones’s case-in-chief, Dr.
Mansoor Mian, a psychiatrist with Tarrant County Mental Health and Mental
Retardation, testified that Jones had attempted suicide several times; suffered
from emotional turmoil due to family problems; suffered from depression,
irritability, anger, and impulsive behavior; heard voices; had been prescribed
various anti-depressants and anti-psychotic drugs; had been treated in more
than one state mental hospital; and could be helped with proper care.  During
the State’s cross-examination, Dr. Mian agreed that Jones’s mental health
records showed that one of his treating physicians had ruled out bipolar
disorder and showed that Jones had a history of abusing alcohol, cocaine, and
marijuana.  On redirect, he noted that other portions of his medical records
indicated that Jones had been diagnosed as bipolar.

Jones testified that he was not a bad
guy but that he had done some bad things.  Jones gave his childhood history of
foster care, described hearing voices, and said that he could accept the
consequences of his actions.  He also testified that he had taken the gun from
a family member; that he did not know whether the gun was loaded; that he was
high at the time of the incident; and that the voices, brought on by drugs, told
him to do it.  Jones admitted to using crack cocaine while awaiting his trial,
with his most recent use being a week before trial.  He also admitted that he
paid for crack cocaine with his disability check and that he had threatened the
deputies while he was incarcerated.  However, he denied having a gang
affiliation.

Jones’s older brother testified that
Jones had acted “crazy” since age four and that Jones’s father had been
paranoid schizophrenic.  Jones’s mother testified that all five of her children
had been removed from her because of her drug use and neglect of them, that she
used drugs while pregnant with all of her children, and that she stopped using
drugs after going through rehabilitation while incarcerated.  She acknowledged
that of all five children, Jones was her only adult child committing aggravated
robbery.

The jury found Jones guilty of
aggravated robbery as instructed by the trial court and then assessed his
punishment at forty-five years’ confinement.  This appeal followed.

III.  Preservation of Error

In his sole issue, Jones argues that
his sentence is excessive and disproportionate to the actions for which he was
convicted and to his past record and future prospects for rehabilitation.  Specifically,
Jones complains that, in light of the mitigation evidence that he presented, the
punishment is disproportionate for the offense and constitutes cruel and
unusual punishment as prohibited by the United States and Texas Constitutions.  However,
Jones did not object to his sentence when it was imposed, and although he timely
filed his motion for new trial complaining of excessive and disproportionate
punishment, the record does not show that he presented this motion to the trial
court.  See Tex. R. App. P. 21.6, 33.1(a)(2); see also Means v. State,
347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) (“Because Appellant
did not object to his sentences when they were imposed or present his motions
for new trial to the trial court, he failed to preserve his sentencing
complaints for appellate review.”); Laboriel-Guity v. State, 336 S.W.3d
754, 756 (Tex. App.—Fort Worth 2011, pet. ref’d) (same). Because Jones failed
to preserve his sentencing complaint for our review, we overrule his sole
issue.[2]

IV.  Conclusion

Having overruled Jones’s sole issue,
we affirm the trial court’s judgment.

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, WALKER, and MEIER,
JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 19, 2012









[1]See
Tex. R. App. P. 47.4.





[2]Even
if Jones had preserved this complaint, however, punishment imposed within
statutory limits, as here, is generally not subject to a challenge for
excessiveness.  See Kim v. State, 283 S.W.3d 473, 475–76 (Tex.
App.—Fort Worth 2009, pet. ref’d) (stating that subject only to a very limited,
“exceedingly rare,” and somewhat amorphous Eighth Amendment
gross-disproportionality review, a punishment that falls within the
legislatively prescribed range, and that is based upon the sentencer’s informed
normative judgment, is unassailable on appeal); see also Tex. Penal Code
Ann. §§ 12.32, 29.03(b) (West 2011) (stating that the sentencing range for a
first-degree felony such as aggravated robbery with a deadly weapon is imprisonment
for life or for any term not more than ninety-nine years or less than five
years, as well as a fine not to exceed $10,000).