

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00347-CR

GEREMIE GERMAINE JONES                       APPELLANT

V.

THE STATE OF TEXAS                            STATE

------------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In one issue, Appellant Geremie Germaine Jones appeals his sentence for aggravated robbery with a deadly weapon, claiming that forty-five years' confinement is an excessive and disproportionate punishment. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In October 2010, at around 3:00 a.m., Jones went to a Waffle House, pulled out a gun, pointed it at a waitress, Wanda McDaniel, and demanded that she give him all of the money in the cash register. McDaniel gave Jones the money, and he left the restaurant. James Smith, one of the cooks, dialed 911 and then followed Jones and confronted him. Jones pointed his gun at Smith and said, "I'll shoot you. Don't you follow me. I'll shoot you." Shortly thereafter, the police apprehended Jones.

After Jones pleaded guilty to aggravated robbery with a deadly weapon, McDaniel testified during the punishment phase that she feared for her life during the robbery, and the trial court admitted State's Exhibit 24, the Waffle House surveillance video of the incident, and allowed the State to publish it to the jury. The State also introduced evidence to show that Jones had a gang affiliation; had been classified in the county jail as a high-risk offender; had been involved in a physical altercation with a deputy while in jail, which had been videotaped and which was published to the jury; had threatened three deputies; and had been arrested for public intoxication, possession of crack cocaine, theft, and possession of a knife. Jones stipulated to his prior convictions for possession of a prohibited weapon, possession of a controlled substance of less than one gram, criminal trespass, assault causing bodily injury, and theft.

During Jones's case-in-chief, Dr. Mansoor Mian, a psychiatrist with Tarrant County Mental Health and Mental Retardation, testified that Jones had attempted

2

suicide several times; suffered from emotional turmoil due to family problems; suffered from depression, irritability, anger, and impulsive behavior; heard voices; had been prescribed various anti-depressants and anti-psychotic drugs; had been treated in more than one state mental hospital; and could be helped with proper care. During the State's cross-examination, Dr. Mian agreed that Jones's mental health records showed that one of his treating physicians had ruled out bipolar disorder and showed that Jones had a history of abusing alcohol, cocaine, and marijuana. On redirect, he noted that other portions of his medical records indicated that Jones had been diagnosed as bipolar.

Jones testified that he was not a bad guy but that he had done some bad things. Jones gave his childhood history of foster care, described hearing voices, and said that he could accept the consequences of his actions. He also testified that he had taken the gun from a family member; that he did not know whether the gun was loaded; that he was high at the time of the incident; and that the voices, brought on by drugs, told him to do it. Jones admitted to using crack cocaine while awaiting his trial, with his most recent use being a week before trial. He also admitted that he paid for crack cocaine with his disability check and that he had threatened the deputies while he was incarcerated. However, he denied having a gang affiliation.

Jones's older brother testified that Jones had acted "crazy" since age four and that Jones's father had been paranoid schizophrenic. Jones's mother testified that all five of her children had been removed from her because of her

3

drug use and neglect of them, that she used drugs while pregnant with all of her children, and that she stopped using drugs after going through rehabilitation while incarcerated. She acknowledged that of all five children, Jones was her only adult child committing aggravated robbery.

The jury found Jones guilty of aggravated robbery as instructed by the trial court and then assessed his punishment at forty-five years' confinement. This appeal followed.

### III. Preservation of Error

In his sole issue, Jones argues that his sentence is excessive and disproportionate to the actions for which he was convicted and to his past record and future prospects for rehabilitation. Specifically, Jones complains that, in light of the mitigation evidence that he presented, the punishment is disproportionate for the offense and constitutes cruel and unusual punishment as prohibited by the United States and Texas Constitutions. However, Jones did not object to his sentence when it was imposed, and although he timely filed his motion for new trial complaining of excessive and disproportionate punishment, the record does not show that he presented this motion to the trial court. *See* Tex. R. App. P. 21.6, 33.1(a)(2); *see also Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) ("Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to preserve his sentencing complaints for appellate review."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd) (same).

4

Because Jones failed to preserve his sentencing complaint for our review, we overrule his sole issue.[2]

## IV. Conclusion

Having overruled Jones's sole issue, we affirm the trial court's judgment.


PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 19, 2012

---

[2]Even if Jones had preserved this complaint, however, punishment imposed within statutory limits, as here, is generally not subject to a challenge for excessiveness. *See Kim v. State*, 283 S.W.3d 473, 475–76 (Tex. App.—Fort Worth 2009, pet. ref'd) (stating that subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal); *see also* Tex. Penal Code Ann. §§ 12.32, 29.03(b) (West 2011) (stating that the sentencing range for a first-degree felony such as aggravated robbery with a deadly weapon is imprisonment for life or for any term not more than ninety-nine years or less than five years, as well as a fine not to exceed $10,000).