02-11-481-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00481-CR

 

 









 
 
 Prudencio
 Mandez Ortiz
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (0585532D)
  
 January
 31, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS








 

 

 

PER CURIAM

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00481-CR

 

 


 
 
 Prudencio Mandez Ortiz
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction and Background

          Appellant
Prudencio Mandez Ortiz appeals the trial court’s judgment adjudicating his
guilt and sentencing him to fifteen years in prison for the offense of
indecency with a child by contact, a second-degree felony.  See Tex. Penal
Code Ann. § 21.11(a)(1), (d) (West 2011).  The applicable punishment range is
two to twenty years’ confinement.  See id. § 12.33(a) (West 2011).  In
his sole issue, Appellant contends that his fifteen-year sentence is grossly
disproportionate to the facts of the probationary violations and violates
constitutional prohibitions against cruel and unusual punishment.  We affirm.

II. 
Discussion

          Appellant
contends that his sentence constitutes an abuse of the trial court’s discretion
because it is excessive given the facts surrounding his allegedly technical
violations of the terms of his community supervision, his advanced age, and his
medical conditions.  Appellant did not, however, object to his sentence when it
was imposed or complain about the length of his sentence in a motion for new
trial.  See Means v. State, 347 S.W.3d 873, 874 (Tex. App.—Fort
Worth 2011, no pet.) (holding complaint not preserved on appeal because
appellant did not object to sentence when imposed or present motion for new
trial raising that argument to trial court); Kim v. State, 283 S.W.3d
473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d) (holding failure to object to
sentence at time of imposition or complain of sentence in motion for new trial
does not preserve complaint for appellate review); Washington v. State,
271 S.W.3d 755, 756 (Tex. App.—Fort Worth 2008, pet. ref’d) (mem. op.) (holding
disproportionate sentence complaint not preserved because appellant did not
present his motion for new trial to trial court).  Because Appellant did not
object to his sentence when it was imposed or file and present a motion for new
trial to the trial court raising his contention, he failed to preserve his
sentencing complaint for appellate review.  See Tex. R. App. P. 21.6,
33.1(a); Means, 347 S.W.3d at 874; Kim, 283 S.W.3d at 475; Washington,
271 S.W.3d at 756.  We therefore overrule Appellant’s sole issue.  See Kim,
283 S.W.3d at 475–76.

III. 
Conclusion

          Having
overruled Appellant’s sole issue, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 31, 2013








 









[1]See Tex. R. App. P. 47.4.