

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00492-CR
### NO. 02-12-00493-CR
### NO. 02-12-00494-CR
### NO. 02-12-00495-CR
### NO. 02-12-00496-CR
### NO. 02-12-00497-CR
### NO. 02-12-00498-CR
### NO. 02-12-00499-CR

TYLER NAMON PAYNE                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tyler Namon Payne pled guilty without a plea-bargain

agreement to attempted burglary of a habitation, burglary of a habitation, and six

---

[1]See Tex. R. App. P. 47.4.

counts of aggravated robbery with a deadly weapon. He now appeals the sentences the trial court imposed. We affirm.

After the trial court accepted Appellant's pleas, it ordered a presentence investigation ("PSI") and adjourned until the PSI was completed. After the PSI was completed and the trial court had reviewed it, the trial court conducted an evidentiary hearing with witnesses on the issue of punishment. At the conclusion of the hearing, the trial court assessed Appellant's punishment as follows: for attempted burglary, ten years' confinement; for burglary, twenty years' confinement; and for six counts of aggravated robbery with a deadly weapon, twenty-five years' confinement each. After advising Appellant of his decision on punishment, the judge asked Appellant if there was any legal reason why the sentences should not be pronounced. Appellant's counsel replied, "No legal reason." The trial court imposed the sentences and ordered them to run concurrently. Appellant did not file a motion for new trial. *See* Tex. R. App. P. 21.4.

In his sole point on appeal, Appellant now contends that his sentences are grossly disproportionate to the offenses he admittedly committed in light of information contained in the PSI showing that he suffered from mental retardation and bipolar disorder, abused drugs, exercised poor judgment and impulse control, and testimony from a mental health professional that Appellant was "'marginally capable of meeting the terms and conditions of probation.'"

2

In general, to preserve a complaint for appellate review the record must show that the complaint was made to the trial court by a timely request, objection, or motion that states the specific grounds for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet ref'd) (citing *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009)). This case is no exception. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). "It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any." *Kim*, 283 S.W.3d at 475. In *Kim*, this court held that the appellant failed to preserve his complaint about the alleged disproportionality of his seven-year sentence for burglary because he did not raise it at the time the sentence was imposed or in a motion for a new trial. *Id.* Likewise, here, despite the opportunity before the sentences were imposed to tell the trial court why they should not be, Appellant did not object that the punishments were grossly disproportionate to the offenses, did not raise any such complaint in a motion for a new trial, nor has he complained that he did not have an opportunity to raise such a complaint in the trial court. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Accordingly, Appellant has forfeited his claim for review. *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Kim*, 283 S.W.3d at 475–76.

And even if Appellant had preserved his complaint, his sentences are within the legislatively prescribed limits and not otherwise disproportional to his offenses. As a general matter, the fixing of prison terms for specific crimes is "'properly within the province of legislatures, not courts.'" *Harmelin v. Michigan*, 501 U.S. 957, 998, 111 S. Ct. 2680, 2703 (1991) (quoting *Rummel v. Estelle*, 445 U.S. 263, 275–76, 100 S. Ct. 1133, 1140 (1980)). "Determinations about the nature and purposes of punishment for criminal acts implicate difficult and enduring questions respecting the sanctity of the individual, the nature of law, and the relation between law and the social order*." Id.* Accordingly, a sentence that falls within the legislatively determined range of punishment is generally not grossly disproportionate. *See Means*, 347 S.W.3d at 875; *Kim*, 283 S.W.3d at 475–76 ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.") (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)). Although Appellant received the maximum sentences of twenty years' and ten years' confinement for burglary—a second-degree felony—and attempted burglary—a third degree felony, respectively, for the six first-degree felonies—each punishable for up to ninety-nine years—he received twenty-five years each. Tex. Penal Code Ann. §§ 12.32, 12.33, 12.34 (West 2011). Thus, Appellant's punishment is well within the legislatively prescribed limits, and our review of the

4

record does not persuade us that these sentences are otherwise grossly disproportional to the gravity of the offenses Appellant committed. *See Moore v. State*, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref'd). Accordingly, we overrule Appellant's sole point.

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgments.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 8, 2013

5