

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00630-CR

TERRY LYNN DUNLAP A/K/A                                    APPELLANT
TERRY L. DUNLAP

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Terry Lynn Dunlap a/k/a Terry L. Dunlap pleaded guilty to the first-degree felony offense of engaging in organized criminal activity by stomping and kicking Wayman Henderson while he was unconscious on the ground (aggravated assault with a deadly weapon, to wit: Dunlap's hand and foot). *See* Tex. Penal Code Ann. § 71.02(a) (West 2011 & Supp. 2013). The trial court

---

[1]*See* Tex. R. App. P. 47.4.

ordered preparation of a presentence investigation report (PSI) before holding the hearing at which Dunlap was sentenced to confinement for life. This appeal followed. We affirm.

## II. Preservation of Error

In a single point, Dunlap argues that the trial court abused its discretion by assessing a life sentence instead of community supervision because the evidence in the PSI showed that he had been drinking excessively that night, was not a confirmed gang member, had graduated from high school with honors, and was interested in attending trade school.[2] He complains that the trial court's sentence was excessive and disproportionate under the Eighth Amendment.

---

[2]The investigating officer, a member of the Fort Worth Police Department's gang unit, testified that the assailants made references to the Crips, a criminal street gang, during the assault. Derrick Brown, Dunlap's codefendant, was wearing a blue necklace (a Crips' color) in the photo taken at the crime scene, and Brown's gang tattoos were visible. The trial court viewed the gas station surveillance video that captured the aggravated assault, which started around 2:18 a.m. on January 1, 2012. The video shows Dunlap, Brown, and a third assailant kicking and punching Henderson after he lost consciousness; after the severe beating, Henderson is left lying unconscious in the parking lot until the police arrive. After Henderson emerged from a coma, he started speech, physical, and occupational therapy, which were ongoing at the time of the December 2012 sentencing hearing.

Dunlap testified that the altercation began when he stumbled on Henderson's shoe; Henderson refused to accept his apology and suggested that they go outside to "handle it." Dunlap and Brown had gone to the store together, and Brown started fighting Henderson first. Dunlap, who was twenty-seven at the time he pleaded guilty to the instant offense, testified that he had friends who associated with gangs. He had previously been convicted of burglary of a motor vehicle, unlawful carrying of a weapon, and possession of marijuana and had received deferred adjudication for evading arrest. Dunlap admitted that he had been selling drugs in 2010 when he was caught with the loaded gun. He agreed

2

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Clay*, 361 S.W.3d at 765. And generally, an appellant may not complain about his sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) ("Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to preserve his sentencing complaints for appellate review."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd).

---

on cross-examination that the aggravated assault on Henderson was brutal and unnecessary and that he had already been given probation opportunities and short jail sentences in the past before committing the aggravated assault.

Dunlap did not object to his sentence at the hearing, although he had the opportunity to do so, and his motion for new trial did not contain any complaint about his sentence. There is also no indication that the motion for new trial was presented to the trial court. Therefore, Dunlap has failed to preserve this complaint for review. *See Means*, 347 S.W.3d at 875; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also* Tex. Penal Code Ann. § 12.32(a) (West 2011) (stating that the punishment range for a first-degree felony offense is life or any term not more than ninety-nine years or less than five years); *Sample v. State*, 405 S.W.3d 295, 304 (Tex. App.—Fort Worth 2013, pet. ref'd) (stating that sentence was well within statutory punishment range even if court reached unpreserved sentencing complaint's merits). We overrule Dunlap's sole point.

## III. Conclusion

Having overruled Dunlap's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 6, 2014