

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00625-CR

JASON JOSEPH MCDOWELL                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In a single point, Appellant Jason Joseph McDowell complains about the punishment assessed by the trial court for his conviction of driving while intoxicated (DWI) with two prior DWI convictions. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In 2005, McDowell pleaded guilty pursuant to a plea bargain to DWI-felony repetition, a third degree felony, in exchange for a suspended ten-year sentence, ten years of community supervision, a $1,500 fine that was not suspended, and other conditions imposed by the court.

Around seven years later, the State petitioned to revoke McDowell's suspended sentence, alleging that McDowell had violated the terms and conditions of his community supervision by stealing property on or around July 30, 2012; consuming alcohol on or about May 11, 2012, and July 28, 2010; and by sporadically failing to pay his supervision fees and complete his monthly community service restitution between October 2009 and July 2012. McDowell pleaded true to all of the State's allegations at the revocation hearing.

McDowell, his mother, and his clinical psychologist all testified that instead of jail, McDowell needed additional treatment for his anxiety disorders, which included post-traumatic stress disorder (PTSD), chronic panic disorder with agoraphobia, polysubstance dependence, multiple head injuries with loss of consciousness, and others, primarily resulting from ongoing physical and mental abuse from his father when McDowell was a child. McDowell apologized for the time and trouble he had caused his family, the adult probation department, and the court. During his cross-examination by the State, McDowell agreed that he had had multiple chances to succeed on probation and had committed the theft

not long after he had completed in-patient substance abuse treatment and while he was participating in aftercare treatment.

Rodney Knotts, McDowell's probation officer, testified that McDowell had been through all of the standard DWI programs, "life supportive outpatient counseling, the victim impact panel, repeat offender program," and most recently, a thirty-day inpatient rehabilitation center for substance abuse in Florida. Knotts stated he knew about McDowell's PTSD and other diagnoses but that McDowell was not on the MHMR caseload. Knotts testified that it had been brought to the trial court's attention when McDowell was placed on probation that he had some anxiety issues but that he was seeing a psychiatrist, was "on meds," was stable, and had appeared to be stable throughout his probation.

In closing arguments, McDowell's counsel asked the trial court to consider "some other option one last time other than incarceration." The prosecutor pointed out that McDowell had already had multiple chances to succeed on probation and had been given different avenues of treatment and that "there was no indication to probation that he was having any issues with this until recently when he was facing revocation." The trial court sentenced McDowell to ten years' confinement, as set out in his original sentence. This appeal followed.

## III. Preservation of Error

In his sole point, McDowell argues that his punishment "was grossly disproportionate to the facts of the probationary violations[,] contravening the constitutional prohibition against cruel and unusual punishment." However, to

3

preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Clay*, 361 S.W.3d at 765. And generally, an appellant may not complain about his sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Means v. State,* 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) ("Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to preserve his sentencing complaints for appellate review."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd).

4

McDowell did not object to his sentence at the hearing, although he had the opportunity to do so,[2] and his motion for new trial did not contain any complaint about his sentence. Therefore, McDowell has failed to preserve this complaint for review. *See Means*, 347 S.W.3d at 874; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also* Tex. Penal Code Ann. § 12.34(a) (West 2011) (stating that the punishment range for an individual adjudged guilty of a third-degree felony is imprisonment for any term of not more than ten years or less than two years); *Sample v. State*, 405 S.W.3d 295, 304–05 (Tex. App.—Fort Worth 2013, pet. ref'd) (stating that even if the court reached merits of unpreserved sentencing complaint, sentence was well within the statutory punishment range). We overrule his sole point.

## IV. Conclusion

Having overruled McDowell's sole point, we affirm the trial court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

---

[2]At the conclusion of the hearing, after pronouncement of McDowell's sentence, the trial court asked McDowell whether he had any questions, and McDowell said, "No, ma'am." And in his motion for new trial, which was not presented to the trial court, *see* Tex. R. App. P. 21.6, McDowell did not raise any specific complaints about his punishment. *See Washington v. State*, 271 S.W.3d 755, 756 (Tex. App.—Fort Worth 2008, pet. ref'd) (holding complaint about alleged disproportionate sentence was not preserved when appellant failed to present his motion for new trial); *see also Means*, 347 S.W.3d at 874.

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 27, 2014