

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00164-CR
## NO. 02-14-00165-CR
## NO. 02-14-00166-CR

ANSON DUJUAN GRISSOM                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1300502D, 1300503D, 1300504D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Anson Dujuan Grissom entered an open plea of guilty to three first-degree-felony offenses: (1) burglary of a habitation with the intent to commit an aggravated sexual assault; (2) aggravated sexual assault using a knife; and (3) aggravated robbery using a knife. The trial court assessed punishment at

---

[1]*See* Tex. R. App. P. 47.4.

forty-five years' imprisonment for each offense and ordered that the sentences run concurrently.

Grissom's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Grissom of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, provided him a form motion for pro se access to the appellate record that lacked only Grissom's signature and the date, provided instructions to file the pro se form within ten days and gave him this court's address, and informed him of his pro se right to seek discretionary review should this court hold the appeal to be frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in

the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Grissom has filed a pro se letter in which he argues in one point that his sentence is excessive. We overrule this argument because it is unpreserved. *See* Tex. R. App. P. 33.1(a)(1); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) ("Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to preserve his sentencing complaints for appellate review."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd).

We grant counsel's motion to withdraw, overrule appellant's one pro se issue, and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 30, 2015