

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00041-CR

IAN FANCHON GILLESPIE                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR11992

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant Ian Fanchon Gillespie appeals the trial court's sentence of 35 years' confinement after its adjudication of his guilt for possession of a controlled substance.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

In 2011, Appellant pleaded guilty pursuant to a plea bargain to the first-degree felony offense of possession of a controlled substance (MDMA) in an amount between four and 200 grams with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.103 (West Supp. 2017) (classifying MDMA as a penalty-group-2 drug), § 481.113 (West 2017) (providing elements of offense of delivery of substance in penalty group 2). In exchange for his guilty plea, the State recommended that Appellant be placed on deferred adjudication community supervision for a term of eight years. The trial court agreed and Appellant was so sentenced. *See* Tex. Code Crim. Proc. Ann. arts. 42A.101–.102 (West Supp. 2017) (permitting placement on deferred adjudication community supervision).

For five years, Appellant appeared to comply with the terms of community supervision—he completed a substance abuse rehabilitation program, passed all required drug tests, completed community service hours as required, and was gainfully employed as a landscaper. But in the fall of 2016, Appellant was again engaged in dealing drugs.

Around midnight on August 28, 2016, State Trooper Randel Wilson pulled over Appellant's girlfriend, Cassandra Szymanski, in Hood County for driving with a defective taillight. Szymanski's vehicle was uninsured, did not bear a valid registration sticker, and bore a license plate that was registered to Appellant's Dodge pickup. Trooper Wilson discovered yellow capsules on the floorboard of the vehicle and in Szymanski's purse. Szymanski claimed the pills were

2

hydrocodone and later testified that she had obtained them from Appellant. Although a field test identified the substance as cocaine, later testing showed it to be a synthetic substance called U-47700.[2]

During the investigation, Appellant arrived on the scene in his Dodge pickup. After a drug dog positively alerted to the presence of narcotics in the pickup, troopers searched his vehicle and found more yellow pills and a white powder residue on the dashboard, floorboards, and seats. There was also an odor of marijuana inside the vehicle, and troopers found bundles of cash in the pickup and in Appellant's pocket. The troopers arrested Appellant and Szymanski.

A month later, on September 29, 2016, in Hood County, Appellant was arrested a second time when Deputy Michael Jenkins carried out an arrest warrant. At the time of Appellant's arrest he was again in possession of bundles of cash that Appellant admitted to Deputy Jenkins he received from drug dealing. Appellant also admitted that there was a backpack full of drugs in his truck, and a subsequent search revealed a backpack containing white and orange pills and a large plastic bag of marijuana.

Following these arrests, the State moved to proceed with the adjudication of Appellant's guilt of the 2011 possession charge. The State alleged that Appellant violated the terms of community supervision by (a) delivering a

---

[2]At the adjudication hearing, a forensic scientist described U-47700 as an opiate "similar to morphine."

3

simulated controlled substance purported to be hydrocodone to Szymanski, (b) possessing marijuana, (c) failing to report to a Tarrant County community supervision officer in September 2016, (d) failing to report by mail to a Hood County community supervision officer in September 2016, (e) failing to report a new arrest to his supervising officer within five days of the arrest, (f) failing to pay a fee for urinalysis testing to his community supervision officer, and (g) failing to pay a $60 supervision fee for September 2016. Appellant pleaded "not true" to each of the allegations.

In addition to the above-recited evidence, at the adjudication hearing the trial court received evidence recovered from Appellant's cell phone, including a photograph of marijuana joints and a text message in which Appellant flatly admitted, "I'm a drug dealer."

At the conclusion of the hearing, the trial court found that Appellant had violated the terms and conditions of community supervision by (a) delivering a simulated controlled substance purported to be hydrocodone to another person, (b) possessing marijuana, (c) failing to report to the Tarrant County community supervision office in September 2016, (d) failing to report by mail to the Hood County community supervision office in September 2016, and (e) failing to report a new arrest to his supervision officer within 5 days thereof. The trial court therefore adjudicated Appellant guilty and sentenced him to 35 years' confinement.

## Discussion

Appellant does not appeal the trial court's revocation of community supervision and adjudication of his guilt; indeed, his attorney admitted at the hearing that Appellant had violated the terms of community supervision by possessing the bag of marijuana. Proof of a single violation, such as his possession of marijuana, is sufficient to support the revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

Rather, in his sole issue on appeal Appellant complains that the trial court abused its discretion by assessing a 35-year sentence based in part on violations that, in his view, were not proven at the adjudication hearing. In particular, Appellant argues that the State did not prove that he failed to report to the community supervision offices of Tarrant and Hood Counties in September 2016, or that he delivered a simulated controlled substance in August 2016.

As a basic premise of his argument, Appellant asserts that the trial court indicated that it considered those particular violations in determining the appropriate sentence after finding the State's allegations to be true. We disagree. After reciting that it found the allegations to be true, the trial court simply added, "I do accordingly adjudicate you guilty of the offense of possession of a controlled substance with intent to deliver as alleged in the original indictment, and I do assess your punishment at 35 years." We do not view this

5

as an express statement by the trial court that it considered the community-supervision violations in assessing an appropriate sentence.

Appellant also appears to argue that the 35-year sentence is excessive or disproportionate. This argument fails for two reasons. First, Appellant forfeited appellate review of any sentencing complaint by failing to object to the sentence when it was imposed or raise this argument to the trial court in his motion for new trial. *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *see also Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding failure to object to sentence at time of imposition or complain of sentence in motion for new trial does not preserve complaint for appellate review). Second, even had he preserved this argument, Appellant's sentence is well within the relevant statutory range for possession of MDMA in an amount between four and 200 grams with the intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.113 (designating possession of four to 400 grams of a penalty-group-2 drug with the intent to deliver as a first-degree felony offense); Tex. Penal Code Ann. § 12.32 (West 2011) (setting punishment range for first-degree felonies as five to 99 years' imprisonment). If the punishment imposed is within the statutory range, it is generally not subject to a challenge for excessiveness. *Means*, 347 S.W.3d at 875. Appellant's argument and our own review of the record provide us no reason to believe that the trial court's sentence was excessive or disproportionate.

For these reasons, we overrule Appellant's sole issue.

6

## Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 1, 2018