

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00392-CR

**JOSEPH VERLYN GUTHRIE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F50778

## MEMORANDUM OPINION

In two issues, appellant, Joseph Verlyn Guthrie, challenges the fifteen-year

sentence he received for committing the offense of aggravated assault with a deadly

weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Because we conclude that

Guthrie did not preserve either of his complaints on appeal, we affirm the judgment of

the trial court.

## I. ANALYSIS

In his first issue, Guthrie contends that the trial court violated his due-process rights by refusing to consider the entire range of punishment and mitigating evidence when assessing punishment. The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786-87, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined sentence. *Ex parte Brown*, 158 S.W.3d 446, 454 (Tex. Crim. App. 2005); *see Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). However, such a complaint is not preserved for appellate review unless a timely objection is raised. *See* TEX. R. APP. P. 33.1(a)(1); *see also Teixeira*, 89 S.W.3d at 192.

Here, the record does not demonstrate that Guthrie objected to the imposed sentence on due-process grounds either when the sentence was pronounced or in his motion for new trial. Accordingly, we conclude that this complaint was waived. *See* TEX. R. APP. P. 33.1(a)(1); *see also Teixeira*, 89 S.W.3d at 192. We overrule Guthrie's first issue.

In his second issue, Guthrie argues that his fifteen-year sentence is excessive and disproportionate and amounts to cruel and unusual punishment in violation of the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13. A disproportionate-sentence claim must be preserved for appellate review either by objecting when the sentence is imposed or raising the claim in a timely-filed

motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

However, if such a claim is raised in a motion for new trial, the defendant must also present the motion for new trial to preserve the issue for appellate review. *See Bearnth v. State*, 361 S.W.3d 135, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see also Means*, 347 S.W.3d at 874. "Presentment requires a defendant to do more than simply file the motion for new trial with the trial court clerk. 'The presentment must be directed to the trial court or another authorized to act on behalf of the trial court.'" *Bearnth*, 361 S.W.3d at 145 (quoting *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)). "This requirement puts the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it." *Id.* (internal citations & quotations omitted). Proof of presentment must be apparent from the record and can be evidenced by the trial judge's signature or notation on the proposed

order attached to the motion for new trial, an entry on the docket sheet indicating presentment, or the setting of a hearing date. *Id.* at 146.

A review of the record shows that Guthrie did not raise this complaint at the time the sentence was imposed; instead, he raised this complaint in his timely-filed motion for new trial. But there is no indication from this record that Guthrie presented his motion for new trial to the trial court. *See id.* at 145-16; *see also Means*, 347 S.W.3d at 874. In fact, the record does not contain a proposed order on Guthrie's motion for new trial. Furthermore, the docket sheet does not indicate presentment, and there is no evidence of a hearing date on Guthrie's motion for new trial. Consequently, we conclude that Guthrie has waived this complaint; therefore, we overrule his second issue. *See* TEX. R. APP. P. 33.1(a)(1); *see also Rhoades*, 934 S.W.2d 113; *Bearnth*, 361 S.W.3d at 145-46; *Means*, 347 S.W.3d at 874.

## II. CONCLUSION

Having overruled both of Guthrie's issues on appeal, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and

Senior Justice Scoggins[1]

Affirmed

Opinion delivered and filed February 13, 2019

Do not publish

[CR25]



---