

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00001-CR
No. 02-22-00002-CR
No. 02-22-00003-CR

———————————————

JASON KEITH SLOAS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 271st District Court
Wise County, Texas
Trial Court Nos. CR15569, CR22167, CR22168

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion

## MEMORANDUM OPINION

In a single issue on appeal from his convictions for aggravated assault with a deadly weapon, three counts of aggravated sexual assault of a child, and three counts of online solicitation of a minor, Jason Keith Sloas argues that his concurrent sentences of confinement violate the rehabilitative objectives of the Penal Code. Because Sloas did not raise this complaint in the trial court, we overrule it and affirm the judgments.

### Background

In June 2010, Sloas pleaded guilty to aggravated assault with a deadly weapon in exchange for 10 years' deferred adjudication. In 2016, the State filed a petition to adjudicate Sloas guilty, alleging that he had committed a new criminal offense in violation of his deferred-adjudication community supervision. But the State dismissed that petition because it also dismissed the alleged new criminal charge.

The State filed a second motion to adjudicate in May 2020, alleging that on March 11, 2020, Sloas had committed the offense of "Sexual Assault of a Child." A grand jury then issued indictments in two other cause numbers, alleging that Sloas had committed six counts of aggravated sexual assault of a child and six counts of online solicitation of a minor.

Without the benefit of a plea bargain, Sloas pleaded guilty to three counts of aggravated sexual assault of a child and three counts of online solicitation of a minor. After a hearing on all three cause numbers, the trial court (1) found the allegation in

the State's petition to adjudicate true, adjudicated Sloas guilty of aggravated assault with a deadly weapon, and sentenced him to 10 years' confinement; (2) sentenced Sloas to 10 years' confinement for the three online-solicitation-of-a-minor counts; and (3) sentenced Sloas to 25 years' confinement for the aggravated-sexual-assault-of-a-child counts.[1] The trial court ordered the sentences to run concurrently. Sloas appealed all three judgments.

## Analysis

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). Except for illegal-sentence claims, complaints about the length of punishment may not be raised for the first time on appeal. *Burg v. State*, 592 S.W.3d

---

[1]Although the online-solicitation and aggravated-sexual-assault judgments do not clearly specify that the trial court imposed three concurrent sentences in each, the judgments show that the trial court convicted Sloas of three counts in each judgment. The State waived the remaining counts of each indictment after Sloas's sentencing. Thus, it appears that Sloas is serving seven concurrent sentences according to the three judgments: one 10-year sentence for aggravated assault with a deadly weapon, three 10-year sentences for online solicitation of a minor, and three 25-year sentences for aggravated sexual assault of a child.

444, 451 (Tex. Crim. App. 2020); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.).

On appeal, Sloas contends that in sentencing him to a "lengthy confinement," the trial court did not take steps to ensure the community's future safety by "taking into account . . . that offenders need rehabilitation or they will reoffend." According to Sloas, confinement will not help rehabilitate him; thus, the trial court violated Texas Penal Code Section 1.02. Tex. Penal Code Ann. § 1.02(1)(B) (listing general purposes of Texas Penal Code, including "to insure the public safety through . . . the rehabilitation of those convicted of [Code] violations"). Sloas did not object to the sentences on this or any other ground when the trial court pronounced them, nor did he raise any sentence-related issue in his motion for new trial. Thus, he failed to preserve this complaint for appellate review. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

## Conclusion

We overrule Sloas's sole issue in his three appeals, and we affirm the trial court's judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 9, 2023

4