

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00077-CR

JIMERE ANNAS RASHUN SIMMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1671039

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Jimere Annas Rashun Simms pled guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). Pursuant to a plea agreement with the State, Simms was placed on deferred adjudication community supervision for three years and was ordered to pay a $300.00 fine. In a motion to proceed with an adjudication of Simms's guilt, the State alleged that Simms violated the terms and conditions of his community supervision by using or possessing marihuana, failing to submit to random drug testing, and failing to identity as a fugitive or providing false information, among other things. After Simms pled true to those allegations, the trial court adjudicated Simms's guilt, sentenced him to twelve years' imprisonment, and ordered him to pay a $290.00 fine.

On appeal, Simms argues that the trial court erred by denying his motion for continuance so that he could retain counsel of his choice.[1] Simms also argues that the trial court's sentence constitutes disproportionate sentencing under the Eighth Amendment to the United States Constitution. Because we find that Simms failed to preserve these points of error, we affirm the trial court's judgment.

## I.      Simms's Oral Motion for Continuance Presents Nothing for Appellate Review

The record demonstrates that Simms was previously granted a continuance at the request of his retained counsel, Lloyd V. Harrelson, Jr. Even so, Harrelson failed to appear at the revocation hearing. James Brian Hawkins, II, appeared on behalf of Harrelson, stated he "was

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

under the impression [it] was a contested hearing," and informed the trial court that he was not prepared because he had not seen all of the State's allegations in its motion to proceed with an adjudication of Simms's guilt. As a result, Hawkins orally moved to continue the case. After the trial court learned that Hawkins believed that the revocation would be contested and that he had agreed to represent Simms "[b]ased on what [he] knew shortly after five o'clock" on the day before the hearing, the trial court denied Hawkins's oral motion for continuance. In his first point of error on appeal, Simms argues that the trial court erred by its ruling.

The Texas Code of Criminal Procedure states, "A criminal action may be continued on the *written motion* of the State or of the defendant, upon sufficient cause shown." *Robinson v. State*, 310 S.W.3d 574, 578 (Tex. App.—Fort Worth 2010, no pet.) (quoting TEX. CODE CRIM. PROC. ANN. art. 29.03). Further, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08. "[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (quoting *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009)). "Accordingly, the denial of an oral motion for continuance preserves nothing for . . . review." *Robinson*, 310 S.W.3d at 579.

Because the record shows that Simms failed to preserve his complaint, we overrule Simms's first point of error.

## II.     Simms Did Not Preserve His Eighth Amendment Claim

In his second point of error, Simms argues that "although [he] was sentenced within the legislative range, in this case, the 12-year sentence seems . . . grossly disproportionate." The State argues that Simms failed to preserve this point of error, and we agree.

"As a prerequisite to presenting a complaint for appellate review," a complaining party must timely raise the issue with the trial court. TEX. R. APP. P. 33.1(a)(1). This rule of error preservation applies to Eighth Amendment claims. *Ex parte Scott*, 541 S.W.3d 104, 118 n.14 (Tex. Crim. App. 2017) (orig. proceeding) ("failure to preserve [an] Eight[h] Amendment claim at trial forfeits the claim for appellate review.").

The record here shows that Simms did not object at trial during his sentencing and filed no motion for new trial or other post-sentencing motion raising any issue involving the Eighth Amendment. Although Simms "had the opportunity to raise his complaint that his punishment was unconstitutional," he did not and has forfeited his right to complain on appeal. *Sample v. State*, 405 S.W.3d 295, 304 (Tex. App.—Fort Worth 2013, pet. ref'd).[2] Because Simms did not preserve his last point of error, we overrule it. *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

---

[2]Moreover, "when a sentence is within the relevant statutory range of time, that punishment is 'generally not subject to challenge for excessiveness.'" *Sample*, 405 S.W.3d at 304 (quoting *Means v. State*, 347 S.W.3d 873, 875 (Tex. App.—Fort Worth 2011, no pet.)).

### III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     February 24, 2025
Date Decided:       February 25, 2025

Do Not Publish