

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LLOYD CHARLES LANGSTON, | § | No. 08-12-00159-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 371st District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1249948D) |
| | § | |

# O P I N I O N

Appellant Lloyd Charles Langston pleaded guilty to one count of unlawfully carrying a weapon on a premises licensed or issued a permit by the state of Texas for the sale of alcoholic beverages. TEX. PENAL CODE ANN. § 46.02(a),(c) (West 2011). The trial court assessed punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We modify the judgment to reflect the applicable section of the Texas Penal Code as TEX. PENAL CODE ANN. § 46.02(a),(c) (West 2011). We affirm as modified.

## BACKGROUND

Appellant's conviction stems from his arrest at the BlackFinn American Saloon in

Arlington, Texas.[1]  The BlackFinn is a restaurant, bar and nightclub that regularly serves alcohol.  Franklin Shafer, an off-duty officer working security at the BlackFinn on the early hours of May 21, 2011, responded to reports of Appellant's aggressive behavior towards other patrons.  Officer Shafer encountered Appellant and observed Appellant exhibiting multiple signs of intoxication such as stumbling, slurred speech, smell of alcohol on his person, and aggression.  Officer Shafer detained Appellant for public intoxication.  BlackFinn personnel in the parking lot were able to flag down on-duty patrol Officer Andres Pena who was in the area. Officer Pena arrested Appellant and discovered a small handgun at Appellant's waistband when conducting a custodial pat down.  The Makarov nine-millimeter handgun was loaded with one round in the chamber.

Appellant was indicted on one count of unlawfully carrying a weapon on a premises licensed or issued a permit by the state of Texas for the sale of alcoholic beverages.  The indictment also contained a repeat offender notice pertaining to Appellant's prior conviction of possession of a controlled substance.  At the time of his arrest, Appellant was also on probation in Dallas County for deadly conduct.  Conditions of his probation included obtaining permission before leaving Dallas County, a prohibition against possessing weapons, and a prohibition on going to bars or drinking alcohol, all of which Appellant violated the night of his arrest.  After the State offered Appellant a plea deal, he rejected the State's offer and opted for an open plea to the court in hopes of receiving probation instead of incarceration.  At punishment, Appellant testified to his status as a business and home owner, his support obligations to his young daughter both financially and as a participating father, and that he helps

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

support his mother and grandmother. Appellant testified that he voluntarily opted for an open plea to the court and understood the court could sentence him to anything within the two- to twenty-year range of punishment for a third-degree felony, enhanced by one prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.35, 12.42(a), 46.02(a),(c) (West 2011). The trial court acknowledged it would have been strongly persuaded to consider probation had Appellant not been on felony probation at the time of this offense. The trial court proceeded to sentence Appellant to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises one issue on appeal.

## DISCUSSION

In his sole issue on appeal, Appellant claims the trial court abused its discretion in assessing his punishment. Specifically, he argues the court failed to consider Appellant's admission of guilt, work history, status as a business and home owner, and his family responsibilities as mitigating factors. In order to assert error on appeal pertaining to sentencing or punishment, an appellant must have properly preserved the error below. TEX. R. APP. P. 33.1(a)(1). *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.). Appellant did not object to his sentence after its pronouncement or file a motion for new trial raising the issue before the trial court. As such, Appellant failed to preserve his disproportionate sentence complaint for appeal. *Means*, 347 S.W.3d at 874.

Even assuming preservation of error occurred, we note that Appellant's sentence falls within the statutory limits. TEX. PENAL CODE ANN. §§ 12.42(a), 12.33 (West 2011). The Second Court of Appeals has determined sentences within the statutory limits generally do not

3

constitute disproportional or excessive punishment. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). Appellant was convicted of a third-degree felony offense. However, his punishment was assessed based on a second-degree felony conviction pursuant to the habitual felony offender section of the Texas Penal Code. TEX. PENAL CODE ANN. § 12.42(a) (West 2011). The statutory sentencing guidelines for a felony in the second degree are a term of confinement not less than two years or more than twenty years. TEX. PENAL CODE ANN. § 12.33 (West 2011). Appellant received a sentence of five years' confinement, fifteen years below the statutorily permissible maximum. TEX. PENAL CODE ANN. § 12.33 (West 2011). Moreover, Appellant's contention that the trial court did not consider other mitigating factors are disputed by the trial court's declaration it carefully considered the presentence report and testimony presented before it and would have strongly considered probation had Appellant not already been on felony probation at the time of this offense. Appellant's sole issue is overruled.

We observe the judgment lists the statute of Appellant's offense as TEX. PENAL CODE ANN. § 46.02(f). We modify the judgment to reflect the correct section of the statute which is TEX. PENAL CODE ANN. § 46.02(a),(c) (West 2011).

## CONCLUSION

The trial court's judgment is affirmed as modified.

March 19, 2014                                        GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

4