**Affirm and Opinion Filed October 26, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01310-CR
## No. 05-19-01339-CR

### DAYLIN BRIGGS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-39435-R, F19-75450-R**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Molberg

Daylin Briggs appeals two convictions, under separate cause numbers, for aggravated robbery. In six points of error, Briggs contends the trial court violated his right to due process by failing to consider the full range of punishment; his sentences violate the objectives of prohibitions, penalties, and correctional measures of the Texas Penal Code; the trial court improperly assessed duplicative court costs; and the judgments should be modified to correct various clerical errors. In a single cross-point, the State asks this Court to modify the judgment in one of the cause

numbers to correct a clerical error. As modified, we affirm the trial court's judgments.

## BACKGROUND

On January 4, 2018, Briggs and three other individuals—two juveniles and an adult—committed an armed robbery involving two firearms at a gas station in Lancaster, Texas.[1] In a police interview, the two juveniles admitted carrying the firearms. Briggs was indicted for aggravated robbery in cause number F18-39435-R. On June 4, 2018—the day after Briggs turned eighteen years old—he entered an open plea of guilty to the charge. The trial court deferred a finding of guilt and placed Briggs on community supervision for eight years.

On March 19, 2019, while on community supervision, Briggs and an accomplice robbed a gas station in Dallas with a firearm. The next day, a vehicle carrying Briggs and other individuals was located by police, and a police chase ensued. Briggs exited the vehicle and fled into the woods on foot, then hid in the trunk of a car, which left the area. Law enforcement pulled over the vehicle, and Briggs was apprehended. Briggs was indicted for aggravated robbery in cause number F19-75450-R on April 25, 2019.

On March 22, 2019, the State filed a motion to revoke probation or proceed with adjudication of guilt (motion to revoke probation) for the 2018 Lancaster

---

[1] Briggs was seventeen years old at the time of the 2018 armed robbery.

aggravated robbery (cause number F18-39435-R), alleging twelve violations of the terms of Briggs's community supervision. At a hearing on the State's motion (revocation hearing)—which took place on October 7 and 8, 2019—Briggs pleaded not true to the first alleged violation; the State struck the second alleged violation; and Briggs pleaded true to the third through the twelfth alleged violations of the conditions of his probation, including that he committed the offense of aggravated robbery on March 19, 2019, as charged in cause number F19-75450-R, and the offense of evading arrest or detention on March 20, 2019, as alleged in cause number M19-53851.

In cause number F18-39435-R, the trial court adjudicated Briggs guilty of violating conditions three through twelve of his community supervision, entered an affirmative finding of a deadly weapon, and sentenced Briggs to twenty years' incarceration, to be served concurrently. In cause number F19-75450-R—which the trial court heard at the same hearing—Briggs entered an open plea of guilty to aggravated robbery, as charged. The trial court accepted his plea, entered an affirmative finding of a deadly weapon, and sentenced him to twenty years' incarceration, to be served concurrently. Briggs filed a motion for new trial in cause number F18-39435-R, which the trial court denied.

## ANALYSIS

### *Issue 1*

In his first issue, Briggs argues the trial court denied him due process by failing to consider the full range of punishment in cause number F18-39435-R.[2] While Briggs acknowledges the imposed sentence of twenty years' imprisonment falls within the applicable statutory punishment range, he complains the trial court arbitrarily refused to "continue . . . community supervision or continue his supervision with additional conditions." When the trial judge placed Briggs on community supervision on June 4, 2018, she stated:

> Mr. Briggs, this is really difficult for me because you look like you're about 12 years old. And I'll just tell you that you don't deserve probation, and I can promise you that if you had a gun in your hand, you wouldn't be getting it.
>
> * * *
>
> When you come out you're going to be on my high risk caseload. . . .
>
> * * *
>
> When I tell you that you are walking a tight line here, I am not joking. Whatever friends that you had, you are the common denominator here, and if you—if you can't do this, then there's a place for you in prison.

---

[2] Briggs's complaint that the trial judge did not consider the full range of punishment was not forfeited by his failure to object at trial, because he did not expressly waive that right. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014).

–4–

According to Briggs, the trial judge's June 4, 2018 statement, "if you can't do this, then there's a place for you in prison," makes it "clear" the judge would not consider probation should he violate the terms of his community supervision.

It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to impose a predetermined sentence without considering the evidence. *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—Dallas 1991, pet. ref'd). However, "[a] trial judge has wide discretion in sentencing, and as long as a sentence is within the proper range of punishment and there was at least some evidence upon which the court could have relied in assessing punishment, the sentence will generally not be disturbed on appeal." *Calderon-Cardona v. State*, No. 05-19-00558-CR, 2020 WL 2897096, at *3 (Tex. App.—Dallas June 3, 2020, no pet.) (mem. op.) (not designated for publication) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). We presume the trial judge was a neutral and detached arbiter and considered the full range of punishment unless there is a clear showing to the contrary. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *State v. Hart*, 342 S.W.3d 659, 674 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

At the revocation hearing, Briggs's probation officer testified that despite the multiple offenses Briggs was alleged to have committed, she believed Briggs was a suitable candidate for probation "because of his age" and because "each time he came in, he was very soft spoken, but very respectful." The record reflects that prior

to Briggs's plea at the revocation hearing—over a year after the trial judge made the statement Briggs complains of on appeal—the trial judge specifically admonished Briggs on the range of punishment she could assess, including the possibility he could continue on probation:

> If you persist in your open plea of true, what you need to understand is that I could sentence you anywhere within the range of punishment allowed by law. In other words, you could be continued on probation, or in theory, you could get all the way up to life in prison. You understand that?

Acknowledging that he understood the possible punishment range, he persisted in his open plea of true.

The trial judge's October 7, 2019 admonishment explicitly indicates that the full range of punishment—from continued probation to life imprisonment—was on the table. She did not repeat or reference the June 4, 2018 statement Briggs complains of on appeal. Moreover, the trial court heard testimony from defense and State witnesses over a two-day period prior to assessing punishment, further suggesting the trial judge considered the full range of punishment. *See Brumit*, 206 S.W.3d at 645 (concluding trial court considered full range of punishment after hearing "extensive evidence" and after explicitly stating full punishment range the court could impose); *Lewis v. State*, No. 08-14-00210-CR, 2015 WL 3952871, at *4 (Tex. App.—El Paso June 26, 2015, no pet.) (not designated for publication) (concluding trial court's statement at prior hearing that defendant "should be going to the penitentiary today, for about ten years" did not compel determination trial

court did not consider full range of punishment when trial court assessed punishment after considering evidence presented during full hearing).

Here, there is no evidence in the record that reasonably could be found to rebut the presumption that the trial judge considered the full range of punishment in assessing Briggs's sentence. We resolve Briggs's first issue against him.

### *Issues 2 and 3*

In his second and third issues, Briggs contends the trial court abused its discretion in cause numbers F18-39435-R and F19-75450-R by sentencing him to twenty years' incarceration, to run concurrently, "because the punishment violates the objectives of the system of prohibitions, penalties, and correctional measures of the Texas Penal Code." Specifically, Briggs argues that—although within the range prescribed by statute—the concurrent twenty-year prison sentences are not proportionate to the seriousness of the offenses; he "played a minor part" in the offenses; he was "barely more than a child when he was placed on probation and committed additional offenses"; he completed his high school GED while on probation; and his probation officer recommended continued probation. Briggs argues that although he did not specifically object to the severity of the sentences, this issue is preserved because "[i]t is clear from the record that Mr. Briggs was requesting that he be permitted to remain on community supervision."

To preserve error relating to the propriety and severity of punishment, a defendant must object to the sentence in the trial court. TEX. R. APP. P. 33.1(a)(1);

–7–

*Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) (defendant forfeited his complaint he should have been given community supervision instead of eight-year sentence because he did not present that complaint to trial court); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) ("Kim's complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review."). Here, Briggs did not object to the propriety or severity of his concurrent twenty-year sentences in the trial court. Nor does the record indicate he raised the issue in a post-judgment motion. Moreover, when asked by the trial judge whether there was "any legal reason why sentence should not now be imposed," Briggs's trial counsel responded, "No." We conclude Briggs failed to preserve his second and third issues for our review.[3] We resolve Briggs's second and third issues against him.

---

[3] *Holguin-Hernandez v. United States*, 140 S.Ct. 762 (2020), cited by Briggs in his brief on appeal, does not apply to this case. In *Holguin-Hernandez*, the United States Supreme Court was interpreting Federal Rule of Criminal Procedure 51. FED. R. CRIM. P. 51. "The Federal Rules of Criminal Procedure provide two ways of [preserving claimed error]. . . . They say that '[a] party may preserve a claim of error by informing the court . . . of [1] the action the party wishes the court to take, or [2] the party's objection to the court's action and the grounds for that objection.'" *Holguin-Hernandez*, 140 S.Ct. at 764 (quoting Federal Rule of Criminal Procedure 51(b)). The Texas Rules of Appellate Procedure apply to this case and Rule 33.1(a)(1) mandates that in order for a complaint to be preserved for appellate review, the record must reflect a timely objection or motion to the trial court. TEX. R. APP. P. 33.1(a)(1). If an objection is not

## *Issue 4*

In his fourth issue, Briggs contends the trial court improperly assessed duplicative court costs by assessing costs in both cause numbers F18-39435-R and F19-75450-R. The State agrees that court costs should be assessed only in one of the cause numbers and responds that the trial court properly assessed court costs only in cause number F19-75450-R.

When two or more cases are tried together in a single criminal action, court costs shall be assessed against a convicted defendant once, "using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. art. 102.073(a), (b). Here, the record reflects the trial court properly did not assess court costs in cause number F18-39435-R, in the judgment entered on October 8, 2019.[4] The trial court assessed $220 in court costs in cause number F19-75450-R, in the judgment entered on October 8, 2019. We resolve Briggs's fourth issue against him.

---

timely made at the trial level, error is waived. *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000) (en banc); *Freeman v. State*, No. 05-00-00680-CR, 2001 WL 1219291, at *5 (Tex. App.—Dallas Oct. 15, 2001, pet. ref'd) (not designated for publication).

[4] In its order of deferred adjudication placing Briggs on community supervision, entered by the trial court on June 4, 2018, the trial court assessed court costs against Briggs in the amount of $249. To the extent Briggs is challenging the court costs that were imposed on June 4, 2018, after his deferred adjudication proceeding, we can find nothing in the governing statutes or case law that prohibits a trial court from "imposing court costs when an adjudication was deferred and later imposing court costs if the trial court adjudicates the defendant's guilt." *Diaz v. State*, No. 03-15-00539-CR, 2016 WL 1084398, at *7–8 n.5 (Tex. App.—Austin Mar. 17, 2016, no pet.) (mem. op.) (not designated for publication) (concluding Texas Code of Criminal Procedure article 102.073 does not prohibit trial court from imposing court costs when deferred adjudication order is issued and then later imposing additional court costs if the court adjudicates guilt after defendant violates conditions of community supervision).

### *Issues 5 and 6*

In his fifth and sixth issues, Briggs asks this Court to modify the judgments in cause numbers F18-39435-R and F19-75450-R to correct various clerical errors. Specifically, Briggs contends the judgments should be modified to reflect the correct name of "defense counsel" and that there was no plea bargain in either case. The State agrees the judgments should be modified to reflect Briggs did not enter into a plea agreement with the State in either case and requests this Court to modify the judgments in both cases to reflect the correct spelling of the State's attorney's name.[5]

We may modify errors in the trial court's judgment when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The records in these cases reflect Briggs entered an open plea of true in cause number F18-39435-R and an open plea of guilty in cause number F19-75450-R. The judgments in both cases, however, incorrectly reflect Briggs and the State entered into a plea bargain. Accordingly, we modify the judgments in both cases to strike the language in the section entitled "Terms of Plea Bargain."

---

[5] In his brief on appeal, Briggs states the judgments reflect the name of "defense counsel" as "Chakana Oliver." The judgments in both cases and the reporter's record reflect defense counsel was Meredith Behgooy. We believe Briggs mistakenly asked this Court to correct the name of "defense counsel" and intended to ask this Court to modify the judgments to correctly state the name of the State's counsel, Chalana Oliver.

The judgments in cause numbers F18-39435-R and F19-75450-R also misspell the name of the State's counsel. Accordingly, we modify the judgments in both cases to reflect the name of the State's attorney is "Chalana Oliver."

We resolve issues five and six in Briggs's favor.

### *State's Cross-Point*

In a single cross-point, the State asks this Court to modify the judgment to accurately reflect Briggs's plea of true to the enumerated allegations three through twelve in the State's motion to revoke probation in cause number F18-39435-R. Briggs did not contest or respond to the State's cross-point in a reply brief. The judgment in cause number F18-39435-R states Briggs pleaded "not true" to the State's motion to revoke probation. However, the record reflects Briggs pleaded not true to the first enumerated allegation in the State's motion to revoke probation, the State struck the second allegation, and Briggs pleaded true to allegations three through twelve. For the reasons stated above, we modify the judgment in cause number F18-39435-R to reflect Briggs pleaded not true to the first allegation in the State's motion to revoke probation and true to allegations three through twelve in the State's motion to revoke probation. We resolve the State's cross-point in its favor.

As modified, we affirm the trial court's judgments.


/Ken Molberg//

KEN MOLBERG
JUSTICE

191310f.u05

191339f.u05

Do Not Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DAYLIN BRIGGS, Appellant

No. 05-19-01310-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-39435-R. Opinion delivered by Justice Molberg. Justices Browning and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED, AS MODIFIED**.

Judgment entered this 26th day of October, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAYLIN BRIGGS, Appellant

No. 05-19-01339-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F19-75450-R.
Opinion delivered by Justice Molberg. Justices Carlyle and Browning participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED, AS MODIFIED**.

Judgment entered this 26th day of October, 2020.