

# IN THE
# TENTH COURT OF APPEALS

No. 10-21-00282-CR
No. 10-21-00283-CR

**CHRISTOPHER MABE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court Nos. 42608CR & 42609CR

## MEMORANDUM OPINION

Appellant, Christopher Mabe, was convicted of two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021. In two issues in appellate cause numbers 10-21-00282-CR and 10-21-00283-CR, Mabe contends that: (1) the trial court erred by failing to hold a bifurcated sentencing hearing and allow appellant to present mitigating evidence; and (2) that appellant's sentence is unlawfully disproportionate. We affirm the trial court's judgments in both appellate cause numbers.

## Background

Appellant was charged in two indictments with aggravated sexual assault of a child. *See id.* Pursuant to a plea agreement with the State, Mabe pleaded guilty to both charges. The trial court accepted Mabe's guilty pleas, deferred an adjudication of guilt in each case, and placed Mabe on community supervision for ten years with a $2,000 fine in each case.

Thereafter, the State filed motions to adjudicate guilt in each case, alleging that Mabe violated numerous conditions of his community supervision. The trial court conducted a hearing on the State's motions to adjudicate, and at the conclusion of the hearing, the trial court found that the allegations contained in the State's motions to adjudicate were true. The trial court revoked Mabe's community supervision and adjudicated him guilty of the two aggravated-sexual-assault-of-a-child offenses. The trial court then asked:

> [THE COURT]: At this time does the defendant have any reason why sentence should not be pronounced?
>
> [DEFENSE ATTORNEY]: No, Judge.
>
> [THE COURT]: Does the defendant have anything to say before the trial court pronounces sentence here in open court?
>
> [DEFENSE ATTORNEY]: No, Judge.

The trial court sentenced Mabe to life imprisonment in both cases and ordered the sentences to run consecutively. When the trial court asked if any further clarification was

necessary or if there was "anything further," defense counsel responded, "Nothing further, Judge." Thereafter, defense counsel filed a motion to withdraw from representing Mabe. The trial court granted defense counsel's motion to withdraw and appointed Mabe an attorney to pursue an appeal to this Court.

Mabe's appointed-appellate counsel filed a motion for new trial, contending that the trial court erred by failing to conduct a sentencing hearing before pronouncing sentence and that the consecutive sentences violated the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas Constitution because the sentences are grossly disproportionate to the offenses. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13. Mabe's motion for new trial was overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c).

### Bifurcated Sentencing Hearing

In his first issue in both appellate cause numbers, Mabe contends that the trial court erred by failing to conduct a bifurcated sentencing hearing to allow appellant to present mitigating evidence. We hold that Mabe waived any error associated with the failure to hold a bifurcated hearing.

As noted above, the trial court conducted a hearing on the State's motion to adjudicate and later found the allegations contained in the State's motions to adjudicate to be true, revoked Mabe's community supervision, and found him guilty of the underlying offenses of aggravated sexual assault of a child. Rather than immediately

pronouncing the sentences in each case, the trial court asked if there was "any reason why sentence should not be pronounced." Defense counsel responded, "No, Judge." Defense counsel also informed the trial court that the defendant did not have anything to say prior to the pronouncement of the sentences.

"[T]he defendant is entitled to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence." *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam); *see* TEX. CODE CRIM. PROC. ANN. art. 42A.110(a) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal, continue as if the adjudication of guilt had not been deferred."); *see also Euler v. State*, 218 S.W.3d 88, 92 (Tex. Crim. App. 2007) (explaining that "*Issa* did not stand for a general right to a separate punishment hearing, much less one on a different day" (citing *Hardeman v. State*, 1 S.W.3d 689, 690-91 (Tex. Crim App. 1999))). However, the failure to make a timely and specific objection waives this statutory right. *See* TEX. R. APP. P. 33.1(a)(1) (providing that a complaining party must make a timely and specific objection to preserve error for appellate review); *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008) (noting that an objection is timely if it is made as soon as the ground for the objection becomes apparent); *Viduarri v. State*, 49 S.W.3d 880, 885-86 (Tex. Crim. App. 2001); *Issa*, 826 S.W.2d at 161. Because Mabe did not object to the

pronouncement of sentence when the trial court gave him the opportunity to do so after the adjudication of his guilt, we conclude that Mabe waived his complaint in this issue.

Despite the foregoing, Mabe contends that he preserved error in this issue by filing a motion for new trial. *See Issa*, 826 S.W.2d at 161. We disagree.

In *Issa*, at the close of the evidence and argument, the trial court revoked the defendant's probation, adjudicated his guilt, immediately assessed punishment, and then quickly left the bench. *Id.* at 160. The defendant had no opportunity to ask to present evidence concerning punishment. *Id.* The Court of Criminal Appeals held that because the defendant's requests to present punishment evidence were denied, and because he was prevented from objecting at the time of sentencing, he was permitted to raise his complaint for the first time in a motion for new trial. *See id.* at 161.

The facts in the present case are distinguishable from those in *Issa*. As mentioned earlier, the trial court specifically asked defense counsel if there was any reason why the sentences should not be pronounced after adjudicating Mabe's guilt in both cases. Defense counsel responded in the negative and informed the trial court that Mabe did not have anything to say prior to the pronouncement of sentence. Therefore, unlike *Issa*, the record reflects that Mabe had an opportunity to raise this complaint in the trial court prior to sentencing but chose not to do so. *See id.* at 160; *see also Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (explaining that "*Issa* was based on the trial court's denial of appellant's requests to present evidence and then in one proclamation revoking

appellant's probation, adjudicating his guilt, and sentencing him. Appellant had no opportunity to object until after the trial court's action was taken . . . . In such rare circumstances, the error is preserved by raising it in a motion for new trial"). Accordingly, we find *Issa* to be distinguishable from the facts in this case. And as such, we cannot say that Mabe's motion to new trial preserved his complaint in this issue. We overrule Mabe's first issue in both appellate cause numbers.

## Cruel and Unusual Punishment

In his second issue in both appellate cause numbers, Appellant contends that the sentence imposed was disproportionate to the crimes alleged and amounts to cruel and unusual punishment in violation of the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13.

A disproportionate-sentence claim must be preserved for appellate review either by objecting when the sentence is imposed or raising the claim in a timely-filed motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must

present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

However, if such a claim is raised in a motion for new trial, the defendant must also present the motion for new trial to preserve the issue for appellate review. *See Bearnth v. State*, 361 S.W.3d 135, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see also Means*, 347 S.W.3d at 874. "Presentment requires a defendant to do more than simply file the motion for new trial with the trial court clerk. 'The presentment must be directed to the trial court or another authorized to act on behalf of the trial court.'" *Bearnth*, 361 S.W.3d at 145 (quoting *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)). "This requirement puts the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it." *Id*. (internal citations & quotations omitted). Proof of presentment must be apparent from the record and can be evidenced by the trial judge's signature or notation on the proposed order attached to the motion for new trial, an entry on the docket sheet indicating presentment, or the setting of a hearing date. *Id*. at 146.

As discussed above, a review of the record shows that Mabe did not raise this complaint at the time the sentence was imposed; instead, he raised this complaint in his timely-filed motion for new trial. But there is no indication from this record that Mabe presented his motion for new trial to the trial court. *See id*. at 145-46; *see also Means*, 347 S.W.3d at 874. In fact, the record does not contain a proposed order on Mabe's motion

for new trial with the trial judge's signature or notation. Furthermore, the docket sheet does not indicate presentment, and there is no evidence of a hearing date on Mabe's motion for new trial. Consequently, we conclude that Mabe has waived this complaint. *See* TEX. R. APP. P. 33.1(A)(1); *see also Rhoades*, 934 S.W.2d 113; *Bearnth*, 361 S.W.3d at 145-46; *Means*, 347 S.W.3d at 874. We overrule Mabe's second issue in both appellate cause numbers.

## Conclusion

We affirm the judgments of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed July 27, 2022
Do not publish
[CRPM]

